J-S62014-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ARTHUR BOMAR, | | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | | |
| v. | | |
| MARJORIE FOX, DISTRICT ATTORNEY, GREENE COUNTY | | |
| Appellee | | No. 687 WDA 2015 |

Appeal from the Order Dated March 27, 2015
in the Court of Common Pleas of Greene County
Criminal Division at No.: CP-30-MD-0000023-2015

BEFORE: GANTMAN, P.J., JENKINS, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.: **FILED NOVEMBER 25, 2015**

Appellant, Arthur Bomar, appeals *pro se* from the order of March 27, 2015, affirming the District Attorney's refusal to prosecute his private criminal complaint. We affirm.

Appellant is an inmate at SCI-Greene. In December 2014, Appellant sent a private criminal complaint against four corrections officers at SCI-Greene,[1] to the Greene County District Attorney. On February 25, 2015, the Greene County District Attorney disapproved the private criminal complaint.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] In the complaint, Appellant makes a variety of accusations including claims of harassment, corruption, and civil rights violations against the officers. (**See** Private Criminal Complaint, 12/31/14, at 1-2).

On March 23, 2015, Appellant filed an appeal of that decision with the Greene County Court of Common Pleas. On March 27, 2015, the trial court issued an order denying the appeal. This instant, timely appeal followed. The trial court did not direct Appellant to file a concise statement of errors complained of on appeal. *See* Pa.R.A.P. 1925(b). On July 14, 2015, the trial court issued an opinion adopting its March 27, 2015 order. *See* Pa.R.A.P. 1925(a).

On appeal, Appellant raises the following questions for our review:

> 1. Did the trial court [err] in [its denial of Appellant's] request for independent review of his private criminal complaint when [he] established a *prima facie* cause of action?

> 2. Did the trial court commit error when it denied [Appellant's] request for independent review of [his] private criminal complaint in that it failed to ascertain whether the prosecutor's disapproval was grounded on a policy determination not to prosecute and, if so, whether a gross abuse of discretion had occurred?

> 3. [Appellant] submits that it can be fairly conceived that the Office of the District Attorney is [somewhat] biased in prosecuting a state employee or a state corrections officer on the evidence of one (1) convicted criminal therefore, in the alternative, would it not be unreasonable to request that the Office of the State Attorney General be ordered to prosecute this case, if it is within the [j]urisdiction of this Court to do so?

(Appellant's Brief, at 3) (unnecessary capitalization omitted).

Appellant's first two claims challenge the decision of the trial court to deny his appeal of the District Attorney's disapproval of his private criminal complaint.

- 2 -

It is settled that following the receipt of a petition to review the Commonwealth's decision to disapprove a private criminal complaint, the court must determine whether the Commonwealth's rationale for disapproving the private criminal complaint is for purely legal reasons or if it is based solely or in part on policy considerations. When the Commonwealth's disapproval is based wholly on legal considerations, the court employs a *de novo* review. Where the decision includes or is entirely based on policy considerations, the trial court reviews the Commonwealth's determination under an abuse of discretion standard. . . . [W]e evaluate Appellant's claims under an abuse of discretion standard.

In conducting our examination, we are mindful that the private criminal complainant must show that the decision not to prosecute was patently discriminatory, arbitrary or pretextual, and therefore not in the public interest. We will not disturb the trial court's ruling unless there are no reasonable grounds for the court's decision, or the court relied on rules of law that were palpably wrong or inapplicable.

*Braman v. Corbett*, 19 A.3d 1151, 1157-58 (Pa. Super. 2011) (citations and quotation marks omitted).

Here, Appellant first argues that, because he made out a *prima facie* case of malfeasance, the District Attorney's decision to decline to prosecute must have been on legal, rather than policy grounds, and that, therefore, he was entitled to a *de novo* review by the Court of Common Pleas. (*See* Appellant's Brief, at 7-8). However, our review of the record demonstrates that the District Attorney denied the complaint purely on the basis of policy considerations. (*See* Appeal Re: Private Criminal Complaint, 3/23/15, Exhibit A, at unnumbered page 1). Thus, the trial court appropriately reviewed the complaint under an abuse of discretion standard. (*See* Order,

3/27/15, at unnumbered pages 1-2); *see also Braman*, *supra* at 1157. Appellant's first issue lacks merit.

Appellant's second issue is convoluted and somewhat confusing. He appears to claim alternately that, because the District Attorney did not explain the reasons for its policy denial, the denial must have been for lack evidence and, therefore, he is entitled to *de novo* review or that the trial court should have required that the District Attorney clarify the reasons for its policy denial. (*See* Appellant's Brief, at 9-10). However, Appellant points to nothing in the record to substantiate his contention that the District Attorney disapproved the complaint based upon a lack of evidence. Further, Appellant mistakes the burden of proof; it was not the District Attorney's burden to prove that its disapproval for policy reasons was valid but Appellant's burden to show that the disapproval "was patently discriminatory, arbitrary or pretextual." *Braman*, *supra* at 1158. Appellant did not do so below and has not done so here. (*See* Appellant's Brief, at 9-10). Because of this, Appellant has not demonstrated that the trial court abused its discretion in denying his appeal. Appellant's second claim lacks merit. *See Braman*, *supra* at 1157-58.

In his third claim, Appellant avers that the District Attorney was biased against him because the purported defendants are state employees; he therefore requests that this Court refer the matter to the Pennsylvania State Attorney General's Office. (*See* Appellant's Brief, at 10). However,

Appellant did not raise this claim below; therefore, he waived it. **See** Pa.R.A.P. 302(a); ***Commonwealth v. Truong***, 36 A.3d 592, 598 (Pa. Super. 2012) (*en banc*), *appeal denied*, 57 A.3d 70 (Pa. 2012) (new legal theories cannot be raised for first time on appeal).

Accordingly, for the reasons discussed above, we affirm the order of March 27, 2015.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/25/2015